# HUSCH BLACKWELL

Paul L. Smelcer
Senior Associate

190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Direct: 314.480.1540
Fax: 314.480.1505
paul.smelcer@huschblackwell.com



**MEMO ENDORSED**

September 29, 2022

**BY ECF AND EMAIL**

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

    **Re:**   *Dental Recycling North America, Inc. v. Stoma Ventures, LLC*
            **Case No. 1:21-cv-9147 (S.D.N.Y.) – Stoma's Response in Opposition to**
            **DRNA's Request to Commence Discovery (ECF No. 35)**

Dear Judge Failla:

      Defendant Stoma Ventures, LLC ("Stoma") respectfully submits this response in opposition to DRNA's "Request to Commence Discovery" (ECF No. 35). For the reasons set forth herein, DRNA's months-delayed request to commence merits discovery prior to resolution of Stoma's jurisdictional challenge should be denied.

      As an initial matter, DRNA failed to confer in good faith with counsel for Stoma prior to filing its letter as required by Your Honor's Individual Rules of Practice in Civil Cases ("IRP"). *See* IRP 3.C; IRP 4.A. DRNA did not attempt to contact Stoma's counsel in any form or fashion regarding its letter prior to filing, and thus Stoma had no notice regarding DRNA's positions and no meet-and-confer occurred. DRNA's request should be summarily rejected on this basis alone.

      In addition to this glaring deficiency, DRNA's request fails to provide any substantive argument or legal authority supporting a lift of the Court's stay of discovery while Stoma's jurisdictional challenge is pending. *See* ECF No. 30-2 (Transcript of February 25, 2022 Telephone Conference) at 27:23-28:3 (ordering stay). The Court acted well within its discretion to order such a stay as Stoma's motion to dismiss for lack of personal jurisdiction is a fully dispositive motion. *See generally* ECF Nos. 28, 29. Indeed, "[i]t is well-settled that a district court has discretion to halt discovery pending its decision on a motion to dismiss." *Gandler v. Nazarov*, No. 94-cv-2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994).

**HUSCH BLACKWELL**

September 29, 2022
Page 2

      The need for the stay remains justified as DRNA's jurisdictional allegations are speculative, conclusory, and fail to satisfy its burden to establish personal jurisdiction under New York law. *See generally* ECF No. 29. Accordingly, the Court's stay is a sound approach to "avoid the need for costly and time-consuming discovery" during the pendency of a motion that may dispose of the case and prevent the Court from presiding over this matter for lack of personal jurisdiction. *See Gandler*, 1994 WL 702004, at *4.

      Tellingly, DRNA's letter is devoid of a particularized showing of prejudice that would warrant a lift of the stay. *See Gandler*, 1994 WL 702004, at *4 (granting stay pending motion to dismiss and noting that "plaintiffs have not presented any evidence to suggest that they will be unfairly prejudiced by a stay."). And it is unclear from DRNA's letter which "activities" have spurred its request and, most importantly, *how* "such activities continue to harm DRNA." *See* ECF No. 35. In the absence of a particularized showing of prejudice suffered by DRNA, Stoma remains justifiably concerned that DRNA's positions reflect "a plaintiff leveraging the cost of litigation to stifle competition from a smaller competitor with disruptive technology." *See* ECF No. 33 at 6.

      Lastly, as explicitly acknowledged by DRNA on multiple occasions, "if the Court were to grant Stoma Venture's motion, the case would continue in Missouri federal court." *See* ECF No. 35 at 1; ECF No. 30-1 at 3 (noting that "DRNA will simply refile in Missouri" if case is dismissed for lack of personal jurisdiction). If DRNA truly possessed an urgent need for merits discovery—as suggested by its months-delayed request—its choice is simple: pursue dismissal and refile its case in the Eastern District of Missouri where Stoma has already conceded personal jurisdiction exists. *See* ECF No. 29 at 2 n.1.

      For the foregoing reasons, Stoma respectfully requests that the Court deny DRNA's request to commence merits discovery during the pendency of Stoma's motion to dismiss.

      Respectfully submitted,

      HUSCH BLACKWELL LLP

      Paul L. Smelcer

PLS:mh

The Court is in receipt of Plaintiff's request to commence discovery pending the resolution of Defendant's motion to dismiss, as well as Defendant's letter in opposition. Plaintiff's application is DENIED. It is the Court's practice not to order discovery pending the resolution of a fully dispositive motion. The Clerk of Court is directed to terminate the pending motion at docket number 35.

Dated:     October 4, 2022         SO ORDERED.
           New York, New York

                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE