# HUSCH BLACKWELL

Michael R. Annis
Partner

190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Direct: 314.345.6432
Fax: 314.480.1505
mike.annis@huschblackwell.com

March 13, 2023

**BY ECF AND EMAIL**

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov



Re: *Dental Recycling North America, Inc., v. Stoma Ventures, Inc.,*
Case No. 1:21-cv-09147-KPF

Dear Judge Failla:

Pursuant to Rule 3.C of Your Honor's Individual Rules of Practice in Civil Cases, Defendant Stoma Ventures, LLC ("Stoma") respectfully submits this response to Plaintiff Dental Recycling North America, Inc.'s ("DRNA") letter motion submitted March 8, 2023. *See* Dkt. 41.

Despite Plaintiff's unfounded assertions to the contrary, Stoma's objections and responses to jurisdictional discovery followed both the letter and the spirit of Court's well-reasoned Opinion and Order dated January 24, 2023 ("Order"), Dkt. 38. Indeed, the Court need not look further than **underneath** Plaintiff's redactions to find the information properly within the scope of the Court's Order which Plaintiff contends is missing. *See* Dkt. 41-1 at 7-8. To rectify the obfuscation stemming from Plaintiff's redactions, Stoma submits herewith its unredacted responses for the Court's consideration. *See* Exhibit 1 and Dkt. 42 (Motion to Seal).

Turning to the Order, the Court found a "genuine issue of jurisdictional fact regarding whether Defendant sold or intended to sell to New York customers through third-party distributors" Order at 19. Accordingly, the Court granted Plaintiff leave to take limited jurisdictional discovery on the following three categories, which Stoma directly and fully answered (*see, e.g.,* Resp. to Interrogs. 1, 2, 5, 6, and 7):

(i) whether and to what extent Defendant has either permitted or intended for Henry Schein and/or Darby Dental to sell Capt-all products into New York, including any distribution agreements between Defendant and such distributors;
(ii) whether any Capt-all product has been sold to any New York customers by

**HUSCH BLACKWELL**

March 13, 2023
Page 2

Defendant, Henry Schein, or Darby Dental from January 2020… to the date this lawsuit was initiated; and (iii) what percentage of Defendant's total revenue is derived from such sales.

Dkt. 38 at 19-20.

Further, in the Order the Court found guidance in a case where "the defendant denied itself selling goods into New York, but its declarations "le[ft] open the possibility that its licensees knowingly [sold the products at issue] into New York… potentially through an additional entity[.]" Order at 15 (alterations in original). The Court stated "it is not apparent from the record currently before the Court that any of Defendant's products was sold in New York… nor… that Defendant instructed Henry Schein and Darby Dental not to sell to New York customers." *Id*. at 15-16. Similarly, the Court found Stoma's claim it has no control over where Schein and Darby sell Capt-all products "unconvincing, at least at this stage of the proceedings and in the absence of disclosure of the relevant distribution agreements." Order at 16-17.

Here, Stoma provided definitive answers to address the Court's concerns regarding the evidence of record relating to Stoma's lack of control over resellers, sales into New York through "licensees" (there are none) and instructions to resellers to not sell to New York customers. First, there are no distribution agreements between Stoma and Schein or Stoma and Darby. *See* Resp. to Interrog. 1. There is no basis to consider Schein and Darby more than arms-length, third party resellers. Additionally, "Stoma verbally informed resellers such as Schein and Darby that the Capt-all product could not be sold in New York." *See* Resp. to Interrog. 2. And, since Stoma has no control as to where Schein and Darby resell the Capt-all product, it cannot confirm or deny whether any Capt-all product was ever sold in New York by Schein or Darby. Rather, Stoma can only answer – as it did – that it is not aware of any Capt-all sales to New York customers from the information in its possession. *See* Resp. to Interrogs. 6 and 7.

Further, to clarify Plaintiff's attempts to create ambiguity where none exists (*see* Dkt. 41 at p. 2, last two sentences of the last full paragraph) – Stoma did ***not*** ship any Capt-all products to Schein or Darby in New York for resale. *See* Resp. to Interrog. 6. Other than a one-time shipment of samples to Darby in New York (which is not a "sale to a New York customer"), Stoma answered that it did not ship any Capt-all products to New York customers, including dentists, distributors, and/or resellers (i.e., Schein and Darby) in New York. *Id*. Put simply, Plaintiff's characterization of Stoma's responses is directly refuted by the information that Plaintiff redacted. *Compare* Dkt. 41-1 at 8 with Exhibit 1 at Stoma's unredacted response to Interrog. 6 (filed concurrently herewith under seal).

In addition to the foregoing, Stoma's responses also addressed the categories of information the Court identified as necessary to determine jurisdiction under Section 302(a)(3).

March 13, 2023
Page 3

*See* Order at 17.  Here, Stoma provided all information in its possession regarding: "(i) the existence of sales in New York; (ii) the frequency of any such sales; and (iii) the portion of Defendant's total revenues – if any – arising from sales to New York customers." *See* Resp. to Interrog. 6.

In sum, Stoma faithfully and completely responded to Plaintiff's jurisdictional discovery requests consistent with the Court's Order on limited jurisdictional discovery and in view of Plaintiff's waiver of its general jurisdiction arguments.  *See* Order at 9.

On the other hand, Plaintiff contends the Court's Order requires Stoma to produce details on <u>all shipments</u> (i.e., nationwide) of Capt-all products to any and all Darby and Schein locations because, as Plaintiff argues, Darby and Schein both maintain headquarters in New York. Plaintiff suggests, for example, that a shipment of the Capt-all product to Schein in Nevada would have bearing on whether the Southern District of New York may exercise specific personal jurisdiction over Stoma in this matter. In the meet and confer, Stoma requested that Plaintiff provide any authority that would modify the Court's clear and well-reasoned Order to encompass what Stoma noted as the overbroad scope of Plaintiff's discovery requests.  Plaintiff refused to do so.

As a result, Plaintiff's attempt, without citation to any authority, to broaden the limited scope of jurisdictional discovery should be rejected, especially when considering that only specific jurisdiction remains before the Court.  In the same way, Plaintiff's request for a motion to compel and for sanctions should be denied.  Further, because Schein and Darby are resellers over whom Stoma has no control, any sales by Schein and Darby to New York customers – to the extent they even exist[1] – are irrelevant to the personal jurisdiction dispute before the Court. Here, as before[2], Plaintiff's request for additional discovery should be denied as it would perpetuate Plaintiff's fishing expedition for facts that do not exist and Plaintiff's campaign to saddle a smaller competitor with the expense of litigation in order for Plaintiff to gain a competitive advantage in the market.

---

[1] As discussed in the Order, no New York users have returned the Capt-all product recycling box, *see* Order at 16, which corroborates the absence of sales of Capt-all to New York dentists.
[2] This is yet another example of Plaintiff's pivoting jurisdictional theories as each theory has been foreclosed with unrefuted evidence.  First, Plaintiff alleged that Stoma sold the Capt-all products in New York.  *See* Dkt. 29 at 10.  Plaintiff then backed off this assertion and shifted to speculation that Stoma might sell Capt-all products into New York through distributors in New York.  *Id.*  Now, Plaintiff suggests that sales to arms-length, third parties for products that are shipped to locations outside of this district, let alone the state of New York, are relevant to this Court's exercise of personal jurisdiction over Stoma.

**HUSCH BLACKWELL**

March 13, 2023
Page 4

                              Respectfully,

                              HUSCH BLACKWELL LLP

                              Michael R. Annis

Application GRANTED in part and DENIED in part. The Court is in receipt of Plaintiff's pre-motion letter dated March 8, 2023, regarding its anticipated motion to compel, for sanctions, and for an extension of time to file a supplemental letter brief (Dkt. #41), and Defendant's above response. The Court credits Defendant's assertion that it does not have written distribution agreements with Darby and Schein. In lieu of such agreements, the Court directs Defendant to produce any correspondence and/or other evidence of its business dealings with Darby and Schein regarding any distribution to, sales to, or customers of the Capt-all product in New York. Furthermore, Defendant is directed to produce any information or proof in its possession related to sales Darby and/or Schein made of the Capt-all product to any New York customer. To the extent Plaintiff asks for documentation or information regarding Defendant's business dealings with Darby and Schein outside of New York, the Court finds such information to be irrelevant to this jurisdictional inquiry, and Defendant need not produce it. As such, Plaintiff's request for a pre-motion conference regarding its anticipated motion to compel and for sanctions is DENIED, as the Court sees no need for such motions at this time.

Lastly, Plaintiff's request for an extension of time to file a supplemental letter brief regarding what, if anything, jurisdictional discovery indicated regarding this Court's personal jurisdiction over Defendant is GRANTED. Plaintiff is directed to file its letter brief on or before **April 21, 2023,** and Defendant's response is due on or before **May 5, 2023.**

The Clerk of Court is directed to terminate the pending motion at docket number 41.

Dated:   March 20, 2023         SO ORDERED.
         New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE