UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DENTAL RECYCLING NORTH AMERICA, INC.,

Plaintiff,

-v.-

STOMA VENTURES, LLC,

Defendant.

---

21 Civ. 9147 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

Plaintiff Dental Recycling North America, Inc. ("DRNA" or "Plaintiff"), a Delaware corporation with its principal place of business in New York, brings this action against Stoma Ventures, LLC ("Stoma" or "Defendant"), a Missouri-based competitor, alleging false advertising under the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition under Missouri common law. Plaintiff and Defendant sell competing devices for removing particulate from dental office wastewater. Plaintiff's claims arise out of Defendant's advertisement of its "Capt-all" product, which Plaintiff claims was inaccurately advertised as being in compliance with all relevant environmental regulations of such products. Accordingly, Plaintiff alleges that it has been and continues to be injured by Defendant's false or misleading representations in the forms of Defendant's diversion of Plaintiff's sales and/or Plaintiff's loss of goodwill.

On April 12, 2022, Defendant moved to dismiss the First Amended Complaint (the "FAC") for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) or, in the alternative, to transfer the case to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C.

§ 1406(a).  (Dkt. #28-31).  In its opposition brief, Plaintiff argued that this Court had specific jurisdiction over Defendant pursuant to N.Y. C.P.L.R. § 302(a)(1) and (a)(3) based on Defendant's contacts with Henry Schein, Inc. ("Schein") and Darby Dental Supply, LLC ("Darby"), two dental product distributors headquartered in New York.  (Pl. Opp. 7-13; *see also* FAC ¶¶ 8-13). On January 24, 2023, the Court stayed Defendant's motion, and ordered limited jurisdictional discovery as to (i) whether and to what extent Defendant has either permitted or intended for Schein and/or Darby to sell Capt-all products in New York, including any distribution agreements between Defendant and such distributors; (ii) whether any Capt-all product has been sold to any New York customers by Defendant, Schein, or Darby from January 2020 (the date Defendant acquired ownership and rights to the Capt-all product) to the date this lawsuit was initiated; and (iii) what percentage of Defendant's total revenue is derived from any such sales.  (Dkt. #38, *published as Dental Recycling N. Am., Inc.* v. *Stoma Ventures, LLC*, No. 21 Civ. 9147 (KPF), 2023 WL 373143 (S.D.N.Y. Jan. 24, 2023) ("*Dental Recycling I*")).  The Court incorporates by reference the factual background and procedural history set out in *Dental Recycling I*, and provides background here only as necessary to resolve the pending motion to dismiss or, in the alternative, to transfer.[1]

---

[1]    The Court continues to use the naming conventions defined in its January 24, 2023 Opinion and Order.  Additionally, the Court refers to Plaintiff's April 21, 2023 letter following the close of jurisdictional discovery as "Pl. Letter" (Dkt. #50), and the invoice attached thereto as "Invoice"; to Defendant's May 5, 2023 letter in response as "Def. Letter" (Dkt. #51); and to Defendant's responses to Plaintiff's interrogatories as "R&O to Interrog. No. [ ]" (Dkt. #41-1 (redacted version); Dkt. #43 (sealed version)).

## BACKGROUND

On March 8, 2023, Plaintiff filed a pre-motion letter regarding its anticipated motion to compel, for sanctions, and for an extension of time for Plaintiff to address the pending jurisdictional issues.  (Dkt. #41).  Defendant filed a letter in opposition on March 13, 2023, along with sealed, unredacted copies of its responses and objections to Plaintiff's interrogatories.  (Dkt. #42-44).  On March 20, 2023, the Court granted Plaintiff's motion for an extension of time to file its supplemental letter brief regarding what, if anything, jurisdictional discovery showed, but denied Plaintiff's application regarding its anticipated motion to compel and for sanctions.  (Dkt #46 (the "March 20 Order")).  Specifically, the March 20 Order credited Defendant's assertions that it did not have written distribution agreements with Schein and Darby, and directed Defendant to produce "any correspondence and/or other evidence of its business dealings with Darby and Schein regarding any distribution to, sales to, or customers of the Capt-all product in New York."  (March 20 Order 5).  Furthermore, the Court directed Defendant to produce "any information or proof in its possession related to sales Darby and/or Schein made of the Capt-all product to any New York customer."  (*Id.*).  The Court denied Plaintiff's request that Defendant be compelled to provide documentation and information regarding Defendant's shipments to Darby and Schein outside of New York as irrelevant to this jurisdictional analysis.  (*Id.*).

Per the Court's instructions, Plaintiff submitted a letter on April 21, 2023, addressing what jurisdictional discovery had revealed with respect to

this Court's personal jurisdiction over Defendant.  (Pl. Letter).  Defendant filed
its letter regarding the same on May 5, 2023.  (Def. Letter).  Jurisdictional
discovery is now complete.

## DISCUSSION

### A.      The Court Lacks Personal Jurisdiction over Defendant

To establish specific jurisdiction under N.Y. C.P.L.R. § 302(a)(1), two
conditions must be met.  *First*, the defendant must "transact ... business
within the state or contract[ ] anywhere to supply goods or services in the
state."  N.Y. C.P.L.R. § 302(a)(1).  *Second*, the cause of action must arise from
"[a]cts which are the basis of jurisdiction."  *Id.*  This second condition requires
a showing that the contacts with the state have a "substantial relationship" or
an "articulable nexus" to the cause of action.  *See, e.g.*, *Sole Resort, S.A. de C.V.*
v. *Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006); *Best Van Lines,*
*Inc.* v. *Walker*, 490 F.3d 239, 246 (2d Cir. 2007).  Jurisdiction under
Section 302(a)(1) exists even if "the defendant never enters New York, so long
as the defendant's activities here were purposeful and there is a substantial
relationship between the transaction and the claim asserted."  *Kreutter* v.
*McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988) (citations omitted).

With the conclusion of jurisdictional discovery, the Court understands
that: (i) no written distribution agreements between Defendant and either
Darby or Schein exist; (ii) Defendant did not ship any Capt-all devices for resale
to Schein or Darby in New York; (iii) Defendant has no control over Schein or
Darby as to where they elect to sell the Capt-all devices, and is not aware of

any Capt-all product sales by either entity to New York dentists; (iv) Defendant
did not itself sell any Capt-all devices to New York dentists or otherwise ship
any Capt-all devices to New York customers (including dentists, distributors,
and/or resellers in New York), other than a one-time, reimbursed shipment of
one case of 100 single-use samples sent by Defendant to Darby at a New York
address; and (v) Defendant verbally informed resellers such as Schein and
Darby that the Capt-all product could not be sold in New York.  (Def. Letter 2
(citing R&O to Interrog. Nos. 1, 2, 5, 6, 7); Dkt. #44 (citing R&O to Interrog. 2)).
In light of these facts, Plaintiff claims that the Court has personal jurisdiction
over Defendant pursuant to C.P.L.R.  § 302(a)(1),[2] reasoning that Defendant's
one-time shipment of 100 samples to Darby constituted the requisite
"transaction" with a New York entity for Section 302(a)(1) purposes, and that
the single invoice evidencing the transaction establishes that Defendant
"contracted" with Darby to supply goods to Darby in New York.  (Pl. Letter 2-5,
7-9).

---

[2]     In light of the information learned through jurisdictional discovery, Plaintiff appears to
have abandoned its jurisdictional argument under N.Y. C.P.L.R. § 302(a)(3), seemingly
with good reason.  Section 302(a)(3) permits courts to exercise personal jurisdiction over
a non-domiciliary defendant "who in person or through an agent ... commits a tortious
act without the state causing injury to person or property within the state."  N.Y.
C.P.L.R. § 302(a)(3).  Section 302(a)(3) only applies to a defendant that either
"(i) regularly does or solicits business, or engages in any other persistent course of
conduct, or derives substantial revenue from goods used or consumed or services
rendered, in the state, or (ii) expects or should reasonably expect the act to have
consequences in the state and derives substantial revenue from interstate or
international commerce[.]"  *Id.*  Defendant's single reimbursed "sale" of samples would
have accounted for a mere .08% of nationwide Capt-all revenue.  (Def. Letter 6; R&O to
Interrog. No. 6).  The Court cannot find jurisdiction under Section 302(a)(3) under these
facts.

While Plaintiff is correct that a single act may suffice to find jurisdiction under this Section, *Deutsche Bank Sec., Inc.* v. *Mont. Bd. of Invs.*, 7 N.Y.3d 65, 71 (2006), "it is the quality, not the quantity, of [d]efendants' contacts with the forum that guides the [c]ourt's analysis." *Yak* v. *BiggerPockets, L.L.C.*, No. 19 Civ. 5394 (PMH), 2020 WL 5505351, at *5 (S.D.N.Y. Sept. 10, 2020) (citing *Rosenblatt* v. *Coutts & Co. AG*, 750 F. App'x 7, 10 (2d Cir. 2018) (summary order); *Lawrence Wisser & Co., Inc.* v. *Slender You, Inc.*, 695 F. Supp. 1560, 1562 (S.D.N.Y. 1988) (dismissing complaint under Rule 12(b)(2) and concluding, *inter alia*, that alleging "approximately 80 telephone calls and 30 faxes" was insufficient to constitute "transacting business" under N.Y. C.P.L.R. § 302(a)(1))), *aff'd*, No. 20-3498, 2022 WL 67740 (2d Cir. Jan. 7, 2022) (summary order).  Indeed, the New York Court of Appeals has instructed that the "overriding criterion" in determining whether an entity transacts business in New York for purposes of Section 302(a)(1) is whether the entity "purposefully avails itself of the privilege of conducting activities within New York[,]" *Paterno* v. *Laser Spine Inst.*, 24 N.Y.3d 370, 377 (2014) (internal quotation marks and citations omitted), a test which courts are to analyze under the "totality of the circumstances," *Licci* v. *Lebanese Canadian Bank, SAL*, 673 F.3d 50, 62 (2d Cir. 2012) ("*Licci I*").

The Second Circuit has identified four non-exclusive factors in making such a determination:

> (i) whether the defendant has an on-going contractual relationship with a New York corporation; (ii) whether the contract was negotiated or executed in New York

and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (iii) what the choice-of-law clause is in any such contract; and (iv) whether the contract requires [parties to that contract] to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.

*Sunward Elecs., Inc.* v. *McDonald*, 362 F.3d 17, 22 (2d Cir. 2004) (quoting *Agency Rent A Car Sys., Inc.* v. *Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996)).  Critically — and fatal to each of these factors — there exists no contractual relationship between Defendant and Darby or Schein.  Plaintiff clings to a flimsy jurisdictional reed in arguing that the single invoice related to the shipment of samples establishes the existence of a contract because it references a purchase order number and "Terms" of "2% 15 Net 30." (Pl. Letter 3 n. 2 (quoting Invoice)).  That is simply not enough.  Indeed, Defendant has made clear that "no distribution agreements exist between Stoma and … Schein … or Stoma and Darby," and that "[a]rms-length, third party resellers such as Schein and Darby purchase products from Stoma typically by phone or email, and Stoma ships the products to resellers pursuant to the individual order details."  (R&O to Interrog. 1).

Plaintiff argues that Defendant has consistently ignored or mischaracterized its assertion that the distributors are customers for purposes of its claims, and that "sales of the Capt-[a]ll product by Defendant itself, to S[chein] and Darby, both of which are headquartered in New York[,]" suffice to establish jurisdiction under the transacting business or contractual relations

prong of Section 302(a)(1).  (Pl. Letter 7).  Whether Defendant has done so is irrelevant, however, because Defendant unequivocally represents to this Court that it "did not ship any Capt-all devices for resale to Schein or Darby in New York."  (Def. Letter 2; *see also* Dkt. #44 at 2 ("[T]o clarify Plaintiff's attempts to create ambiguity where none exists … Stoma did *not* ship any Capt-all products to Schein or Darby in New York for resale." (citing R&O to Interrog. 6))).  Indeed, the sole shipment to New York was a one-time, reimbursed case of one case of 100 single-use Capt-all samples to Darby.  Given that Plaintiff's claim of injury is one of diversion of sales and/or loss of goodwill (*see* FAC ¶ 50), the Court simply cannot find that it has jurisdiction based on a single shipment of reimbursed samples to a distributor who at no point resold such samples in New York or elsewhere, *see La Piel, Inc.* v. *Richina Leather Indus. Co.*, No. 10 Civ. 1050 (JFB), 2013 WL 1315125, at *14 (E.D.N.Y. Mar. 29, 2013) (noting that "occasionally shipping … samples to New York … does not rise to the level of 'doing business' in New York" (collecting cases)); *Wickers Sportswear, Inc.* v. *Gentry Mills, Inc.*, 411 F. Supp. 2d 202, 208-11 (E.D.N.Y. 2006).  Stated differently, the reimbursed shipment of samples constitutes neither a "transact[ion of] business within the state" nor a "contract[ ] anywhere to supply goods or services in the state," N.Y. C.P.L.R. § 302(a)(1), nor does it constitute a "substantial relationship" or an "articulable nexus" to this false advertising cause of action, *Sole Resort, S.A. de C.V.*, 450 F.3d at 103.  Accordingly, the Court finds that it lacks personal jurisdiction over Defendant.

Because the Court finds that Plaintiff has failed to establish jurisdiction under New York's long-arm statute, it need not decide the due process component of the analysis. Nonetheless, for the same reasons it finds that there is no jurisdiction under Section 302(a)(1), it similarly finds that Plaintiff has failed to establish the requisite minimum contacts with the state of New York to confer jurisdiction on due process grounds. *See, e.g.*, *Best Van Lines, Inc.*, 490 F.3d at 242 (noting that the crucial question is whether a defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws … such that the defendant should reasonably anticipate being haled into court there" (internal quotation marks and citation omitted)); *accord Licci I*, 673 F.3d at 60.

**B.    The Court Transfers This Action to the United States District Court for the Eastern District of Missouri Pursuant to 28 U.S.C. § 1406(a)**

Having concluded that it lacks personal jurisdiction over Defendant, the Court proceeds to consider the parties' joint request that the Court transfer this action to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1406(a), rather than dismiss the action. (*See* Def. Letter 8; Pl. Letter 9). "When a district court concludes that it lacks personal jurisdiction over the defendant, it may transfer the action to another district court under 28 U.S.C. § 1406(a) if it concludes that doing so would be in the interest of justice." *Metamorfoza, D.O.O.* v. *Big Funny LLC*, No. 19 Civ. 11743 (RA), 2021 WL 735243, at *7 (S.D.N.Y. Feb. 25, 2021) (internal quotation marks and citations omitted); *accord Meyer* v. *Bd. of Regents of Univ. of Oklahoma*, 597 F. App'x 27, 28 (2d Cir. 2015) (summary order) ("A district

9

court may transfer a case even where it lacks personal jurisdiction over the defendants." (citing *Corke* v. *Sameiet M.S. Song of Norway*, 572 F.2d 77, 79 (2d Cir. 1978). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette* v. *Time Warner,* 997 F.2d 1023, 1026 (2d Cir. 1993). "When determining whether transfer pursuant to Section 1406(a) is appropriate, a court may take into account the ultimate goal of the 'expeditious and orderly adjudication of cases and controversies on their merits.'" *Meserole St. Recycling, Inc.* v. *CSX Transp., Inc.*, No. 06 Civ. 4652 (CBA), 2007 WL 2891424, at *4 (E.D.N.Y. Sept. 28, 2007) (quoting *Goldlawr, Inc.* v. *Heiman*, 369 U.S. 463, 466-67 (1962)). In making this determination, the Second Circuit considers factors including whether the transferee court would have personal jurisdiction over the defendant or whether transfer would result in a hardship to either party. *See Corke* v. *Sameiet M.S. Song of Norway*, 572 F.2d 77, 80 (2d Cir. 1978).

The Eastern District of Missouri would have personal jurisdiction because Defendant is both incorporated in Missouri and maintains its principal place of business there. (Def. Br. 2 n.1; FAC ¶ 4). Furthermore, Defendant represents that it "will concede personal jurisdiction exists in the ... Eastern District of Missouri." (Def. Br. 2 n.1). Plaintiff also consents to transfer. (Pl. Letter 9 (noting that "if the Court is not inclined to keep the case in the Southern District, transfer to the Eastern District of Missouri would give [Plaintiff] quicker and more efficient resolution as opposed to an outright

dismissal")).  For all of these reasons, the Court grants the parties' motion to transfer.

## CONCLUSION

For the reasons stated above, the Court concludes that it lacks personal jurisdiction over Defendant and GRANTS the motion to transfer this action. Plaintiff's request for additional jurisdictional discovery is DENIED.  The Clerk of Court is directed to terminate the pending motion at docket number 28, and to transfer this action to the United States District Court for the Eastern District of Missouri.

SO ORDERED.

Dated:     May 12, 2023
           New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge